FILED
SUPERIOR COURT
OF GUAM

2024 JUN 25 PM 5: 17

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM<br><br>vs.<br><br>JORDAN MICHAEL BABAUTA (DOB: 03/15/1991),<br>BRANDON RUFUS CHANDLER aka (Brando Rufus Chandler) (DOB: 02/14/1989),<br>JASON KEITH MANIBUSAN (DOB: 08/20/1977), and<br>CYNTHIA ROSE QUINATA (DOB: 10/18/1976),<br><br>Defendants. | CRIMINAL CASE NO. CF0458-23<br><br><br>**DECISION AND ORDER**<br>*Re: Defendant's Motion to Recuse AAG Sean Brown* |

This matter came before the Honorable Arthur R. Barcinas on June 11, 2024, on a hearing for Defendants' Motion to Recuse AAG Sean Brown. Defendant Jordan Michael Babauta was represented by Attorney Vanessa Williams, Defendant Cynthia Rose Quinata was represented by Attorney Minakshi Hemlani, and Defendant Brandon Rufus Chandler was represented by Attorney William Gavras. Defendant Jason Keith Manibusan was also present, but his counsel, Attorney David Lujan, was not. Assistant Attorney General ("AAG") Sean Brown was present for the People.

## BACKGROUND

On April 12, 2024, Defendant Chandler filed a Motion to Recuse Assistant Attorney General Sean Brown ("Motion"), arguing that, in prior practice, Attorney Brown represented

the wife of the victim, and that this prior representation taints AAG Brown's continued participation in this case. Specifically, Defendant Chandler asserts that the victim's wife is an "obvious suspect" in the murder of the victim, and that AAG Brown appears to have overlooked this matter in his prosecution. Chandler further asserts that, because of said prior relationship, AAG Brown is privy to material facts in this case, potentially including exculpatory evidence, that he has not shared with Defendants.

On the same day, Defendant Babauta filed a joinder to the Motion, and the People filed their Opposition to the Motion. On April 15, 2024, Defendants Chandler and Babauta filed their respective Replies to the People's Opposition.

On April 17, 2024, Defendant Manibusan filed a joinder to the Motion. On April 29, 2024, Defendant Quinata also filed a joinder to the Motion.

On June 11, 2024, the Court heard arguments from the parties, and took the matter under advisement.

## DISCUSSION

Defendant seeks for AAG Brown to recuse himself from this matter. "[D]isqualification is a drastic course of action that should not be taken simply out of hypersensitivity to ethical nuances or the appearance of impropriety." *Barrett-Anderson v. Camacho*, 2018 Guam 20 ¶ 14.

**I. The Guam Supreme Court has held that attorney disqualification is warranted only when his or her representation violates or significantly risks violating the Guam Rules of Professional Conduct.**

The current test for attorney disqualification in Guam is whether an attorney's continued representation or participation in an action (1) violates or (2) significantly risks violating the Guam Rules of Professional Conduct ("GRPC"). *See id.* ¶ 20. "Guam adopted the 2002 ABA

Model Rules of Professional Conduct on September 29, 2003," and "[u]nder the Model Rules, attorney disqualification is warranted only when his or her representation violates or significantly risks violating the Rules of Professional Conduct." *Id.* ¶ 17. After the 2003 adoption of the GRPC, the "appearance of impropriety" standard set forth in *People v. Tennessen*, 2009 Guam 3, ceased to be the applicable standard for attorney disqualification in all criminal actions filed after the GRPC's effective date. *Id.* ¶ 18. "Although considering the appearance of impropriety may be part of the inherent power of the court as to regulate the conduct of attorneys, it will not stand alone to disqualify an attorney in the absence of any indication that the attorney's representation risks violating the Rules of Professional Conduct." *Id* ¶ 17. "Standing alone, the 'appearance of impropriety' standard is open to widespread abuse and exploitation for tactical advantage." *Id.* Accordingly, the Court is bound to rely exclusively on the GRCP in its analysis of the Motion. The Court also notes that "the disqualification of a prosecutor by the trial judge is a determination from which direct appeal is simply not available," as the Guam Supreme Court "will not consider an issue which a party is statutorily not permitted to advance." *People v. Lujan*, 1998 Guam 28 ¶ 9.

Defendant largely argues that AAG Brown's recusal is appropriate because there has been an alleged appearance of impropriety. "The proceedings also become tainted if it appears that a prosecutor has a bias or reason to pursue a case differently." Mot., at 5. "The appearance that a prosecutor might pursue a case differently requires recusal." *Id.* "'[The legal profession] must avoid not only all evil but likewise avoid the appearance of evil;" *Id.* (quoting ABA Comm. On Prof'l Ethics, Formal Op. 49 (1931)). However, as stated above, the mere appearance of impropriety alone is no longer sufficient to carry a motion to disqualify because, "[i]f a former client need merely allege that she made relevant confidential communications to

her former attorney, then the [appearance of impropriety] rule will be an obvious vehicle for abuse." *Barrett-Anderson*, 2018 Guam 20 ¶ 17 (quoting *Adam v. Macdonald Page & Co.*, 644 A.2d 461, 464 (Me. 1994)). Defendant additionally argues that the victim's wife is an "obvious suspect" in this case, and that AAG Brown "has given – or appears to have given – her a pass." Mot., at 2. However, "obvious suspect" or not, the victim's wife was not named as a suspect by the Guam Police Department or as a Defendant by the Attorney General's Office, and therefore the Court has no basis to consider disqualification on that basis under the GRPC. Defendant is speaking in terms of possibilities, and the "significant risk" portion of the test does not allow disqualification for potential conflict, only for inevitable and material conflicts. *Barrett-Anderson v. Camacho*, 2018 Guam 20 ¶ 17.

### 1. The victim's life insurance policy

Defendants assert, and AAG Brown affirmed at the June 11 hearing, that AAG Brown signed off on a form submitted by the victim's wife regarding the victim's life insurance policy. AAG Brown asserted that the form "was sent actually to [the Guam Police Department,] and they wanted to have the AG sign off on it," after which Brown asserted he assigned an investigator to ask GPD whether the victim's wife was a suspect in this matter. 2:28:00, Hearing Tr., (June 11, 2024). Brown argued that he did not believe any law enforcement authority could say she was not a suspect without conducting an investigation, but he had his investigator "talk to the GPD detectives who said she's not actually identified as a suspect so I could sign that form as a prosecutor." *Id.* When asked by the Court who signed the form, Brown affirmed, "I signed the form. But it's like some survivor death benefit." *Id.*

Defendants argue that a reasonable prosecutor in AAG Brown's place would have conducted a follow-up investigation upon discovering that the victim's wife was the beneficiary

to the victim's life insurance policy. Def. Chandler's Reply, at 5. The Court acknowledges that AAG Brown's purported failure to investigate the victim's wife upon discovering that she was the beneficiary of the policy could create the appearance of impropriety. AAG Brown's failure to conduct a follow-up investigation regarding any potential connection between the life insurance policy and the victim's death also gives the Court cause to question AAG Brown's conduct in this matter. As Defendants note, life insurance policies in murder cases tend to have significant evidentiary weight where the beneficiary is aware of the policy. *See, e.g., Scott v. State*, 161 So.3d 389 (Al. App. 2012). Further, Defendant Babauta cites directly to discovery from the People indicating that the victim and his wife had been separated for over a year, and that the victim's wife had been engaged in a sexual relationship and smoking methamphetamines with the severed former fifth defendant, whom detectives determined had planned the victim's death. Def. Babauta's Reply, at 3 (citing to 23-02207, pp. 398-408, 505-510). The possibility that a reasonable prosecutor, upon discovering these facts, would refrain from further investigation is troubling to the Court, and does create the potential appearance of impropriety on the part of AAG Brown.

The above facts gleaned from discovery, combined with the life insurance policy, speak to potential motive, and the Court finds it concerning that AAG Brown would gloss over that connection simply because the police did not identify the victim's wife as a suspect. That being said, however, the Court also acknowledges that the mere appearance of impropriety is no longer the test for attorney disqualification, and the Court is bound by the Supreme Court's decision to find cause for disqualification only within the four corners of the GRPC. Defendants having provided no basis under the GRPC upon which to disqualify AAG Brown, the Court similarly finds no applicable GRPC rules were violated or were in significant risk of violation

by AAG Brown in this instance. Accordingly, Defendants' first argument fails to meet the *Barrett-Anderson* test for attorney disqualification.

## 2. The sealed proceedings

Defendant further argues that, as a result of AAG Brown's prior participation in sealed proceedings as counsel for the victim's wife, AAG Brown is privy to evidence regarding: (1) sexual assault charges brought against the victim and (2) the relationship between the victim and his wife. Defendant Chandler alleges that, during the sealed proceedings, "AAG Brown garnered evidence that is both relevant and material to the instant matter," and that said evidence is not known to Defendants' counsel. Def. Chandler's Reply, at 3. However, again, Defendants do not cite to any rule indicating how AAG Brown's knowledge of the sealed proceedings demonstrates a violation or significant risk of violation under the GRPC.

To the contrary, the Guam Supreme Court has held in *Barrett-Anderson* that a Deputy Attorney General hypothetically learning of confidential information in the course of dual representation of adverse parties could not be disqualified because limited disclosure of that information was permitted under other rules of the GRPC. 2018 Guam 28 ¶ 27. "While DRT alleges that Deputy Attorney General Mason may have obtained confidential information in the course of representing DRT in a prior, now-dismissed action ... DRT does not show how this violates the [GRPC]." *Id.* ¶ 25. "[E]ven if he had obtained confidential information during the course of conflicted representation, Rule 1.9(c) allows a lawyer to reveal information as other Rules permit," and "Rule 1.6 allows a lawyer to reveal confidential information to the extent reasonably believed necessary 'to establish a claim or defense on behalf of the lawyer in a controversy between the lawyer and the client ... '." *Id.* ¶ 27 (quoting GRPC 1.6(b)(3), 1.9). Relevant to the instant matter, the GRPC also dictates that a lawyer may reveal confidential

information "to respond to allegations in any proceeding concerning the lawyer's representation of the client; or ... to comply with other law or a court order." GRPC 1.6(b)(3),(4). "Even under a set of facts most favorable to [the parties moving for disqualification,] the Attorney General's office would not be conflicted and did not violate any ethical rules, because Rules 1.6 and 1.9 permit such disclosure. Without a conflict or violation, no request to disqualify can be properly granted." *Barrett-Anderson*, 2018 Guam 28 ¶ 27.

Accordingly, the Court finds that this argument also does not meet the *Barrett-Anderson* test for attorney disqualification.

## CONCLUSION

Based on the foregoing, the Court hereby **DENIES** Defendant's Motion to Recuse AAG Sean Brown from this matter.

**IT IS SO ORDERED** JUN 2 5 2024 .

**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**